# UNITED STATES DISTRICT COURT
for the

District of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 14-mj-274-FW |
| ) | |
| JUAN MEDINA-PACHECO and ) | |
| CHRISTHIAN RENE HERNANDEZ-SATARY ) | |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about April 15, 2014, in Anoka County and elsewhere in the State and District of Minnesota, the defendants did unlawfully, knowingly and intentionally conspire to distribute 100 grams or more of a substance containing a detectable amount of heroin, a controlled substance

in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and 846.

I further state that I am a DEA Task Force Officer and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Complainant's signature

Christian Freichels, DEA Task Force Officer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/16/14

_____
Judge's signature

City and state: Minneapolis, MN

The Honorable Franklin L. Noel,
U.S. Magistrate Judge
*Printed name and title*

SCANNED
APR 1 6 2014
U.S. DISTRICT COURT MPLS

STATE OF MINNESOTA          )
                            ) ss.        **AFFIDAVIT OF Christian Freichels**
COUNTY OF HENNEPIN          )

Christian Freichels, being duly sworn, deposes and states as follows:

1. I am a Deputy Sheriff with the Ramsey County Sheriff's Office in St. Paul, Minnesota, where I have been employed since 1995. I have been a criminal investigator since 1999 and, in that capacity, I have participated in numerous investigations related to the distribution of controlled substances. In June 2006, I was assigned to the Drug Enforcement Administration ("DEA") in Minneapolis, Minnesota, as a Task Force Officer. On October 31, 2006, I was deputized as a DEA Task Force Officer pursuant to the authority granted to the Attorney General by Public Law 99-570, Section 1869 and delegated to the Administrator of the DEA, pursuant to Title 28, Code of Federal Regulations, subpart R, Section 0.100 et seq.

2. I have attended and successfully completed the DEA's two-week drug investigation training. This training covered federal drug and money laundering investigations. I have participated in numerous local and interstate drug investigations related to the import, sale, distribution and possession of controlled substances. Many of these investigations have resulted in the arrest and conviction of defendants on state and federal drug trafficking charges.

3. I am an investigator or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the

United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.

4. This Affidavit is submitted in support of a complaint against Juan MEDINA-PACHECO ("MEDINA") and Christhian Rene HERNANDEZ-SATARY ("HERNANDEZ") charging them with conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The facts set forth in herein are based on my own personal observations, my review of police reports, and conversations I have had with other law enforcement personnel. The facts set forth herein do not include the complete facts related to this investigation, just those facts necessary to support probable cause for purposes of the Complaint.

5. A Ramsey County Sheriff's Department Confidential Source ("CS") first provided information to your Affiant about a heroin drug trafficking organization ("DTO") operated in the Minneapolis area from Mexico. Prior to cooperating with law enforcement, the CS said the CS would purchase approximately $3,000 worth of heroin every two days from members of this DTO. The CS said the CS would contact an individual the CS knew as "Lorenzo" (last name unknown) at a designated telephone number to request to purchase an amount heroin. Lorenzo would then contact other members of the DTO to deliver the heroin to the CS. The CS said these other members would use different vehicles to deliver the heroin to the CS and other customers.

6. In January 2014, Lorenzo called the CS from the same telephone number and told the CS that he had heroin available to sell. Under the direction of law enforcement, the CS began to make purchases of heroin by contacting Lorenzo.

7. On several occasions between February and April 2014, the CS contacted Lorenzo at a designated telephone number and request to purchase heroin. After contacting Lorenzo, the CS would receive deliveries of heroin from Juan MEDINA-PACHECO ("MEDINA") or Christhian Rene HERNANDEZ-SATARAY ("HERNANDEZ").

8. In addition to purchasing heroin through Lorenzo, the CS also introduced an undercover police officer ("UC") to Lorenzo. The UC made three direct purchases of heroin from HERNANDEZ between February and April 2014.

9. One such purchase occurred on April 11, 2014. Under the direction of law enforcement, the CS contacted Lorenzo at the designated telephone number and informed Lorenzo that the UC wanted to buy an amount of heroin. LORENZO directed the CS to have the UC go to a location in south Minneapolis, Minnesota to complete this transaction. The UC met with HERNANDEZ, who gave the UC approximately 14 grams of a substance that appeared to be heroin. The UC paid HERNANDEZ $1,000 in government funds for the purchase of the heroin. The substance the UC bought field tested positive for heroin.

10. Officers have observed MEDINA and HERNANDEZ meet together before and after drug transactions. It appeared to officers observing that MEDINA and HERNANDEZ were ensuring that they had sufficient heroin to make deliveries.

11. On April 15, 2014, officers executed state search warrants at the residences of MEDINA located in Columbia Heights, Minnesota and HERNANDEZ, located in Saint Paul, Minnesota. Officers recovered approximately 350 grams of a substance that

field tested positive for heroin, packaging material, and approximately $15,000 in U.S. currency from MEDINA's residence. Officers knew the residence was MEDINA's because they had observed him moving into the residence, and living there. MEDINA also admitted that he lived there. MEDINA and HERNANDEZ were arrested under state authority.

12. After rights advisement and waiver, HERNANDEZ admitted that he and MEDINA delivered heroin and collected money at the direction of Lorenzo for the DTO. MEDINA admitted that the heroin in the residence was his.

13. Based on the foregoing, there is probable cause to believe that on or about April 15, 2014, conspired to distribute 100 grams or more of a substance containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.

Further Your Affiant Sayeth Not.

_____
CHRISTIAN FREICHELS, Task Force Officer
Drug Enforcement Administration


SUBSCRIBED and SWORN to Before Me

This _16th_ day of April, 2014.

_____
FRANKLIN L. NOEL
United States Magistrate Judge